IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Chris Donner, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 3:15-cv-318 |
| | ) |
| Credit Control, LLC, | ) |
| | ) |
|     Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Comes now Plaintiff, Chris Donner, by and through counsel, Thomas R. Applewhite, and states the following:

**INTRODUCTION AND JURISDICTION**

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d).

3. Venue is appropriate in this Court because Defendant directed its illicit conduct at Plaintiff in Madison County, Illinois.

**PARTIES**

4. Plaintiff is a natural person currently residing in Madison County, Illinois. Plaintiff is a consumer within the meaning of the FDCPA. The alleged debt owed arises out of consumer, family and household transactions.

5. Defendant is a Missouri limited liability company with its principal place of business in Hazelwood, Missouri. The principal business purpose of Defendant is the collection of debts, and Defendant regularly attempts to collect alleged debts owed.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone in Illinois. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

7. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

8. Defendant's collection activity includes reporting a negative collection item on Plaintiff's credit reports.

9. In October 2014, Plaintiff reviewed his credit report and noticed Defendant had made a negative report on his credit.

10. Prior to seeing Defendant's name on his credit report, Plaintiff had never heard of Defendant.

11. Plaintiff's initial communication took place with Defendant via telephone on December 4, 2014 in order to obtain more information about the alleged debt.

12. Defendant admitted that it had the wrong address for Plaintiff and that is why there had not been any written communications prior to this conversation. Accordingly, Plaintiff's period in which to exercise his dispute and verification rights never began to run.

13. During the phone conversation, Defendant attempted to collect the alleged debt from Plaintiff, ignoring Plaintiff's right to dispute and validate the alleged debt.

14. Defendant's conduct caused Plaintiff to believe that he could not exercise his Section 1692g rights. Defendant overshadowed Plaintiff's rights to dispute, validate and verify the debt during the conversation.

15. Plaintiff informed Defendant that he was attempting to get a loan, had never heard of Defendant and needed to know more information.

16. Defendant responded by stating, multiple times, that if Plaintiff was getting a loan, he would "have to have this cleared up" and would need to pay the balance first.

17. Plaintiff inquired as to whether the account will eventually be removed from the credit report because of its age. Defendant responded by stating "no" multiple times.

18. Plaintiff asked a second time if he could just wait for a few years for the accounts to come off. Defendant stated that if Plaintiff wants it off his credit report, he will have to pay it off.

19. Defendant attempted to collect by providing two options for payment; a payment in full option as well as a 20% discount option, which would be reflected as a "settled in full" on Plaintiff's credit report.

20. When asked about the difference of these two options, Defendant stated that both options would boost his credit score.

21. Defendant also provided the impression that Plaintiff might get sued by stating that she will refer this to her supervisor, continue collection activity and they might "come after you" if Plaintiff did not pay.

22. Such assertions were false and misleading and were an attempt to coerce Defendant into payment.

23. Plaintiff asked for verification of the debt, and Defendant agreed that it would be sent.

24. Plaintiff did not send a validation notice within five days of the initial communication.

25.     Defendant's collection attempts and misrepresentations have caused Plaintiff to incur actual damages, attorney fees, as well as denial of credit and garden variety emotional distress.

## COUNT I: VIOLATION OF THE FDCPA

26.     Plaintiff realleges and incorporates by reference the above paragraphs.

27.     Defendant regularly attempts to collect consumer debts asserted to be due to another and, at all relevant times herein, was a "debt collector" as defined by 15 U.S.C. § 1692a(6).

28.     A single action on the part of a debt collector can violate multiple sections of the FDCPA.

29.     In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 *et. seq.* including, but not limited to the following:

   a.   Engaging in false, misleading or deceptive means in an attempt to collect a debt in violation of 15 U.S.C. § 1692d-f;

   b.   Overshadowing Plaintiff's dispute, validation, and verification rights in violation of 15 U.S.C. 1692g;

   c.   Utilizing unfair and unconscionable means to collect an alleged debt in violation of 15 U.S.C. § 1692f;

   d.   Failing to send Plaintiff the 30 day validation notice within 5 days of the initial communication in violation of 15 U.S.C. § 1692g.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

   A.   Declaratory judgment that Defendant's conduct violated the FDCPA;

   B.   Actual damages;

C.  Release of the alleged debt;

D.  Statutory damages, costs, litigation expenses and attorney fees pursuant to 15 U.S.C. § 1692(k); and

E.  For such other relief as the Court may deem just and proper.

Plaintiff, Chris Donner, demands a jury trial on all issues so triable in this case.

Respectfully submitted,

AEKTRA LEGAL, LLC

/s/ Thomas R. Applewhite
Thomas R. Applewhite, #6310947
AEKTRA LEGAL, LLC
1108 Olive Street, Suite 200
Saint Louis, Missouri  63101
Telephone:   (314) 240-5351
Facsimile:    (888) 785-4461
Email:         tom.applewhite@da-lawfirm.com

**ATTORNEY FOR PLAINTIFF**